IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20819
_____


KIMBERLE MCGRUDER,

                              Plaintiff - Cross-Appellee,

SHARON SCOTT; TONYA ODIONESENE; DAVIS ENAOHWO; MARLENE BURGESS;
MAUREEN ADAMS, also known as Maureen Gonzalas; LAVERNE CRUMP,
also known as Laverne Crump-Smith; MARION MILBURN; CONSUELA
HASKINS,

                         Plaintiffs - Appellants-Cross-Appellees,

        v.

TOM WILL, Deputy Constable, In His Individual Capacity, Precinct
5; MARTIN SPEARS, Deputy Constable, In his Individual Capacity,
Precinct 5; GLEN CHEEK, Constable, In his Individual and Official
Capacities; JAMES L. DOUGLAS, Constable, In his Official
Capacity, Precinct 3; SECURITEESTOR INC, doing business as
Security Storage, doing business as King David Moving & Storage,

                              Defendants - Appellees,

MARC SEYMOUR,
                    Defendant - Appellee-Cross-Appellant.


                ---------------------------------
            Appeals from the United States District Court
                for the Southern District of Texas
                ---------------------------------
                        February 10, 2000
Before JOLLY, EMILIO M. GARZA and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

        Plaintiffs are a group of Texas tenants who challenged

deputies' and a warehouseman's refusal to return their personal

belongings during their evictions.  They alleged causes of action

under 42 U.S.C. § 1983 and Texas law.  The district court entered

summary judgment against plaintiffs, but denied defendant

Seymour's motion for sanctions.  Because we find that plaintiffs

did not sufficiently articulate a constitutional harm and had

adequate alternative remedies under state law, we affirm the

summary judgment.  We also affirm the denial of sanctions.


I. *Facts and Procedural History*

Plaintiffs are tenants who each lost a residential forcible

detainer action in Texas courts and against whom writs of

possession issued.[1]  The legitimacy of those proceedings is not

---

[1]A forcible detainer under Texas law is a kind of eviction suit:  it is an action at law that can be used by a landlord to secure possession from a tenant in default of a lease agreement. *See* TEX. PROP. CODE §§ 24.001, 24.002, and 24.004; *Caro v. Housing Auth. of City of Austin*, 794 S.W.2d 901 (App. 3 Dist. 1990) (writ denied).  Jurisdiction over the action is in the justice courts, *See* TEX. PROP. CODE § 24.004; *Goggins v. Leo*, 849 S.W.2d 373 (Tex. App. Houston 14th Cir. 1993), with appeal to the county courts. *See* Tex. R. Civ. P. 749.  Appeal of the county court judgment may be had where the premises in question are used for residential purposes only.  *See* TEX. PROP. CODE § 24.007.

A tenant/defendant in a forcible detainer action in justice court is entitled to notice to vacate before the landlord may file suit.  *See* TEX. PROP. CODE § 24.005.  Once filed, a forcible detainer action is subject to the general rules of procedure in the justice courts, including those requiring notice and service of process.  *See* Tex. R. Civ. P. 743; *Criswell v. Southwestern Fidelity Life Ins. Co.*, 373 S.W.2d 893 (Tex. Civ. App. Houston 1963).  The parties are entitled to trial by jury upon demand and payment of a fee, *see* Tex. R. Civ. P. 744, or, if no jury is demanded, a bench trial. *See* Tex. R. Civ. P. 747.  Upon judgment or verdict in favor of the plaintiff, the landlord is entitled to a writ of possession which cannot become final absent a possession bond before six days after judgment has been rendered.  *See* TEX. PROP. CODE § 24.0061.  Execution of the writ of possession is contingent upon compliance with procedures contained in § 24.0061 including adequate posting of notice.  In the instant case, all

2

contested.  Defendants Will, Spears, Cheek, and Douglas are officials employed by Harris County, Texas.  Defendant Securiteestor, Inc., is a warehouseman and was hired to remove the personal property of the plaintiffs.  Defendant and cross-appellant Seymour is the president and manager of Securiteestor.

Plaintiffs (other than Crump, who alleges that she was never given an eviction notice) received eviction notices whose content and method of posting complied with Texas law.  As required by TEX. PROP. CODE § 24.0062, the notices stated:  "You, as the tenant, may redeem any of the property, without payment of moving or storage charges, on demand during the time the warehouseman is removing the property from the premises and before the warehouseman permanently leaves the premises."

During their evictions, each plaintiff made a demand for return of his property.  No plaintiff was able to recover all of his or her property once removal by the warehouseman had begun and no plaintiff was allowed to remove property once it had been placed in the warehouseman's truck.  Plaintiffs were allowed to retain certain personal items and, if they had a present means of storing the property such as a car or truck, were allowed to remove other items.

Plaintiffs filed suit in district court, alleging violation

---

plaintiffs received adverse judgments in forcible detainer actions. No appeals were taken and the writs of possession against them became final.

of 42 U.S.C. § 1983 and additional state law claims.  Defendants moved for summary judgment and Seymour moved for sanctions against plaintiffs.  The district court denied Seymour's motion and granted summary judgment, finding in part that TEX. PROP. CODE § 24.0062 had not been violated, that adequate post-deprivation remedies existed under state law, and that plaintiffs did not make out a prima facie case on their state law claims. The district court also offered its interpretation of TEX. PROP. CODE § 24.0062, inferring that a tenant's right to reclaim his property during an eviction is limited to those situations in which he has a present means of storing or removing the property. Plaintiffs, other than McGruder, and Seymour appeal.


## II.  *Analysis*

We review a grant of summary judgment de novo, *see F.D.I.C. v. Abraham*, 137 F.3d 264, 267 (5th Cir. 1998), including any interpretation of state law contained in it.  *See Information Communication Corp. v. Unisys Corp.*, 181 F.3d 629, 632 (5th Cir. 1999).  We need not accept the district court's rationale and may affirm on any grounds supported by the record.  *See Howard v. Fidelity & Deposit Co. of Maryland*, 98 F.3d 852, 856 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1534 n.12 (5th Cir. 1994).

There is no Texas precedent on proper procedures under TEX. PROP. CODE § 24.0062 that appears relevant to plaintiffs' claims. We are therefore reluctant to issue a statement directing the

application of § 24.0062, particularly where the proper resolution of the case does not require it. *See Lawrence v. Virginia Ins. Reciprocal*, 979 F.2d 1053, 1055 (5th Cir. 1992). Without endorsing the district court's interpretation of § 24.0062, we find that summary judgment was proper in this case.

Plaintiffs do not contest that they received adequate due process prior to the issuance of their eviction orders and had ample notice that they would be evicted. Plaintiffs did not articulate what process should have been due during their evictions that was not available before or after, and only alleged an abstracted interest in the right to demand certain property during an eviction. The injury plaintiffs allege is not constitutionally cognizable and therefore does not rise to the level of a § 1983 violation. *See Garcia v. Reeves County Texas*, 32 F.3d 200, 202-03; *Arnaud v. Odom*, 870 F.2d 304, 309 (5th Cir. 1989). Plaintiffs' § 1983 claims are barred because they had adequate state law post-deprivation remedies available to them both under the Texas Property Code (§ 24.0062 (i)) and in tort. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994).


III. *Conclusion*

We find that plaintiffs failed to make out a § 1983 claim, and agree with the district court's conclusion that plaintiffs failed to establish a prima facie case on their state law claims. We affirm the grant of summary judgment. Because the district

court does not appear to have abused its discretion in denying Seymour's motion for sanctions, *see Childs v. State Farm Mut. Auto Ins. Co.*, 29 F.3d 1018, 1023 (5th Cir. 1994), we also affirm the denial of sanctions.