**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-20800**
**Summary Calendar**

_____

**CHARLES ROGERS, ET UX, Individually, and**
**as Next Friends of James Rogers,**
**a minor; JAMES ROGERS,**

**Plaintiffs-Appellants,**

**versus**

**HYATT INTERNATIONAL, INC.; HYATT CORPORATION;**
**MONTGOMERY KONE, INC.; HYATT INTERNATIONAL-**
**LATIN AMERICA, LTD.,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(H-99-CV-4215)**

_____

March 6, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Appellants contest the FED. R. CIV. P. 12(b)(6) dismissal of their claims against Hyatt International, Inc. We **AFFIRM**.

I.

Appellants originally filed this action in Texas state court against Hyatt International, Inc., Hyatt Corporation, and Montgomery Kone, Inc., alleging that James Rogers, while a guest at

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Hyatt Regency Guatemala, was injured in an elevator. They presented claims for negligence, gross negligence, and violation of the Texas Deceptive Trade Practices Act.

After this action was removed to federal court, Hyatt International filed a "Motion to Dismiss for Lack of Personal Jurisdiction, Motion to Dismiss for Forum Non Conveniens, *and Original Answer*". (Emphasis added.) One defense raised in its answer asserted, pursuant to Rule 12(b)(6), that Appellants' second amended complaint failed to state a claim upon which relief could be granted.

Appellants filed a third amended complaint, adding Hyatt International-Latin America, Ltd. (Hyatt-Latin America) as a defendant. *This followed a scheduling conference at which Hyatt International advised Appellants that Hyatt-Latin America is the proper defendant*. The third amended complaint claimed: James Rogers, while a registered guest at the Hyatt Regency Guatemala, was injured when an elevator in which he was a passenger dropped unexpectedly after the doors opened; "[t]he actions of Defendants and their subsequent failure to remedy violate the ... Texas Deceptive Trade Practices Act"; "[t]he actions of Defendants were negligent and proximately caused Plaintiffs to suffer personal injuries"; and "[t]he actions of Defendants were grossly negligent".

2

Thereafter, Appellants responded to Hyatt International's motions to dismiss for lack of personal jurisdiction and for forum non conveniens; the response, however, did *not* address Hyatt International's Rule 12(b)(6) — failure to state a claim — defense in its answer.

In answer to the third amended complaint, Hyatt International again raised a Rule 12(b)(6) defense. Thereafter, Hyatt International filed a reply to Appellants' response in opposition to its motions to dismiss, attaching the deposition of its corporate representative, describing the corporate structure of Hyatt International and Hyatt-Latin America.

Less than one week later, the district court dismissed Appellants' claims: against Hyatt-Latin America, based on forum non conveniens; and against Hyatt International and Hyatt Corporation, for failure to state a claim upon which relief could be granted. Appellants' claims against Montgomery Kone were dismissed without prejudice. The district court concluded that the allegations in the third amended complaint failed to support a claim that would entitle Appellants to relief against Hyatt International, because the alleged facts demonstrated that Rogers' injuries and all events leading up to those injuries, including the servicing of the elevator, occurred in Guatemala, and that Hyatt-Latin America was a wholly-owned, independent corporation, having no connection with Hyatt International.

Pursuant to Rule 59, Appellants moved for relief from the judgment, contending that the dismissal of Hyatt International was improper because Hyatt-Latin America "appear[ed] to be" the alter ego of Hyatt International. In support, Appellants attached the deposition of Hyatt International's corporate representative (previously submitted, as noted, to the district court with Hyatt International's reply in support of its motions to dismiss) and a letter from Hyatt International's president to its insurer, asking it to respond on behalf of Hyatt International *and* Hyatt-Latin America to Appellants' pre-suit demand. Appellants' motion was denied.

## II.

Appellants challenge *only* the dismissal of Hyatt International, contending: their complaint stated valid claims; and the evidence submitted in support of their Rule 59 motion raises factual issues regarding Hyatt International's involvement in the management and operation of Hyatt-Latin America (as noted, dismissed on forum non conveniens grounds) and the Hyatt Regency Guatemala.

"We review the district court's conclusion that the plaintiff failed to state a claim on which relief may be granted de novo". *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). Dismissal is proper "when it is clear that the plaintiff can prove *no* set of

4

facts in support of his claim that would entitle him to relief".
*Id.* (emphasis added).

Of course, if "matters outside the pleading are presented to and not excluded by the court" in support of a Rule 12(b)(6) motion, it "shall be treated as one for summary judgment". FED. R. CIV. P. 12(b). "[W]e review the grant of such a motion just as we would any other grant of summary judgment — that is, we review the grant of summary judgment de novo and apply the same legal standards as the district court". *Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 776 (5th Cir. 1997). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c).

It is *not* clear from the district court's opinion whether, in dismissing Hyatt International, it considered the deposition of its corporate representative. *Cf*. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (noting approvingly that other circuits have considered documents attached to motions to dismiss as "part of the pleadings *if they are referred to in the plaintiff's complaint and are central to her claim*" (emphasis added; internal quotation marks and citation omitted). The district court's opinion cites the standards for considering a Rule

5

12(b)(6) motion and then states: "[a]fter examining pleadings, the Court is of the opinion that Hyatt International and Hyatt Corporation are not true parties to the instant suit". It also states, however: "Hyatt Latin America is a wholly-owned, independent corporation having *no* connection with Hyatt International or Hyatt Corporation". (Emphasis added.) The latter statement is *not* supported by any allegation in the third amended complaint, which contains *no* factual allegations regarding ownership or management of the Hyatt Regency Guatemala, or control over the elevator in issue.

In any event, we can affirm the judgment on any ground supported by the record. *E.g.*, **McGruder v. Will**, 204 F.3d 220, 222 (5th Cir. 2000). Appellants do *not* maintain they either received inadequate notice that the district court would consider matters outside the pleadings or were denied an opportunity to present evidence in opposition. *See* FED. R. CIV. P. 12(b) (when motion to dismiss treated as one for summary judgment because matters outside pleading are presented to, and *not* excluded by, the court, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56"). Indeed, Appellants relied in district court on the deposition of Hyatt International's corporate representative, which they submitted in support of their Rule 59 motion, in support of their contention

that dismissal was improper because Hyatt-Latin America is the alter ego of Hyatt International.

The district court did *not* err by dismissing Appellants' claims against Hyatt International, because Appellants did *not* allege, and there is *no* evidence, that Hyatt International owned, managed, operated, or controlled the management or operation of the Hyatt Regency Guatemala. Appellants' reliance on the letter from Hyatt International to its insurer, asking it to respond on behalf of Hyatt International and Hyatt-Latin America to Appellants' pre-suit demand, is *not* an admission that Hyatt International is a proper party to this action. And, the deposition of Hyatt International's corporate representative does *not* support Appellants' assertion that Hyatt-Latin America is the alter ego of Hyatt International. She testified: Hyatt International is a holding company, headquartered in Chicago; it holds stock in other companies which manage hotels outside the United States, Canada, and the Carribean; it owns 100% of the stock of Hyatt-Latin America, which was incorporated in the Cayman Islands; it did *not* develop the Hyatt Regency Guatemala; Hyatt-Latin America was hired by the owner, a Guatemalan company, to manage the hotel; Hyatt International drafted the management agreement between the Guatemalan hotel owner and Hyatt-Latin America; one of Hyatt International's directors serves on the board of directors for Hyatt Latin-America; three of the six directors of Hyatt-Latin

7

America are officers of Hyatt International; and Hyatt International board meetings are held in Chicago, while Hyatt-Latin America's are held in the Cayman Islands.

In sum, Appellants neither pleaded, nor does the evidence support, any duty owed to Appellants by Hyatt International. Accordingly, the district court did *not* err by dismissing Hyatt International.

## III.

For the foregoing reasons, the judgment is

***AFFIRMED.***