# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20090
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 22, 2014

Lyle W. Cayce
Clerk

ANTHONY WHITNEY NORMAN,

Plaintiff-Appellant

v.

TEXAS COURT OF CRIMINAL APPEALS; TEXAS 14TH DISTRICT COURT OF APPEALS; SHARON KELLER, Chief Justice Texas Court of Criminal Appeals; ADELE HEDGES, Chief Justice 14th District Court of Appeals Texas,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-74

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Anthony Whitney Norman, Texas prisoner # 1718789, filed a 42 U.S.C. § 1983 complaint, which the district court dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). In his civil rights complaint, Norman asserted that the Texas Court of Criminal Appeals (TCCA) had, prior

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to his criminal conviction, determined that a separate "factual sufficiency" review was no longer necessary in criminal appeals, despite the fact that the state constitution and the Texas Code of Criminal Procedure authorized such a review as distinct from legal sufficiency.  Norman requested an injunction ordering the TCCA to use the proper legal definition of "factual sufficiency," an order requiring the TCCA and state appellate courts to review all criminal cases filed since the change in the definition, a permanent injunction preventing the TCCA and state appellate courts from redefining standard terms, and a permanent injunction requiring courts to apply the same factual sufficiency analysis in criminal cases that is provided in civil proceedings.

On appeal, Norman contends that the district court erred in concluding that he lacked standing to challenge the state courts' failure to conduct a factual sufficiency review.  The court did not deny relief on this basis; it instead concluded that the defendants were protected by judicial immunity.

Norman also argues that the district court erred in relying on such immunity because he sought only injunctive relief.  He is correct that judicial immunity does not bar claims for injunctive or declaratory relief in § 1983 actions.  *See Holloway v. Walker*, 765 F.2d 517, 525 (5th Cir. 1985).  However, we "may affirm on any grounds supported by the record."  *McGruder v. Will*, 204 F.3d 220, 222 (5th Cir. 2000) (citations omitted).  To the extent that Norman seeks to have us review the state courts' failure to conduct a factual sufficiency analysis in his own appeal and order such an analysis to occur, his claims are barred by the *Rooker-Feldman* doctrine because he is seeking review of a state-court judgment.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  Additionally, Norman's disagreement with the state courts' interpretation of state law is not

cognizable under § 1983. *See Simi Inv. Co. v. Harris County, Tex.*, 236 F.3d 240, 247 (5th Cir. 2000). To the extent that Norman is asserting that the state courts' refusal to consider a factual sufficiency claim deprives him of access to the courts, he is not entitled to relief because he has not shown that he was unable to file a necessary legal document. *See Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

The district court dismissed Norman's complaint without providing him with an opportunity to amend. Generally, the court should provide a pro se plaintiff with an opportunity to amend before dismissing the case. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, such an opportunity is not necessary if the plaintiff has pleaded his "'best case.'" *Id.* Norman has not shown that any attempt to amend his complaint would have resulted in a nonfrivolous § 1983 claim. *See Exxon Mobil*, 544 U.S. at 284; *Simi Inv. Co.*, 236 F.3d at 247.

Because Norman has not shown that his civil rights claim has an arguable legal basis, it is frivolous. *See Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998). Accordingly, the judgment of the district court is AFFIRMED.