# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20077
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 14, 2016

Lyle W. Cayce
Clerk

ALBERT RICHARD,

Petitioner-Appellant

v.

JOHN DOE,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-3701

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Albert Richard, proceeding pro se, appeals the district court's construction of his civil complaint as a 28 U.S.C. § 2254 habeas corpus petition and its dismissal without prejudice for failure to state a claim upon which habeas relief can be granted. Richard disputes the district court's characterization of his complaint as a habeas corpus petition and argues that the district court had jurisdiction over his complaint pursuant to 28 U.S.C. § 1331 and § 1332.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20077

The court reviews questions of subject matter jurisdiction de novo. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). The court may consider federal subject matter jurisdiction sua sponte, as "subject-matter delineations must be policed by the courts on their own initiative even at the highest level." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Although the district court's construction of Richard's complaint as a habeas petition was erroneous, *see Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973), Richard has failed to establish that the district court had subject matter jurisdiction over the case.  Richard did not allege that his claim arose under the Constitution or any federal law of the United States and, therefore, his complaint does not provide a basis for federal question jurisdiction.  *See* § 1331.

When the alleged basis for federal jurisdiction is diversity of parties, the "court must be certain that the parties are in fact diverse before proceeding to the merits of the case." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988).  Richard's reliance on 28 U.S.C. § 1441(b) is misplaced because that provision addresses the treatment of fictitious defendants in cases involving removal to the federal court, and Richard's case does not involve a removal.

Richard's complaint does not reflect the citizenship of the John Doe defendant and his complaint does not allege any facts that indicate that Doe has diverse citizenship.  Richard failed to carry his burden of establishing the existence of diversity jurisdiction.  *See Stafford v. Mobil Oil Corp.,* 945 F.2d 803, 804-06 (5th Cir. 1991).

The dismissal without prejudice of Richard's complaint is AFFIRMED, but the ruling is modified to be based on the district court's lack of subject matter jurisdiction.  *See McGruder v. Will,* 204 F.3d 220, 222 (5th Cir. 2000); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).