## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2020

Lyle W. Cayce
Clerk

No. 19-50670

MARGARITA GOMEZ,

Plaintiff - Appellant

v.

OFFICE ALLY, INCORPORATED; BRIAN O'NEILL,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CV-1101

Before KING, JONES, and COSTA, Circuit Judges.

PER CURIAM:*

Office Ally, Inc. fired Margarita Gomez, a human resources manager in its San Antonio office. Gomez was fired soon after returning from leave she took to assist her mother who suffers from dementia. She sued Office Ally and its owner, Brian O'Neill, for various claims under the Family and Medical Leave Act (FMLA) and the Texas Commission on Human Rights Act (TCHRA). The district court granted summary judgment for Office Ally on all claims.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50670

Gomez appeals that decision as to two claims: FMLA retaliation and associational discrimination under the TCHRA.

We agree that summary judgment was proper on Gomez's FMLA retaliation claims for essentially the reasons the district court gave. Although Gomez establishes a prima facie case of retaliation, she cannot carry her burden of showing either that Office Ally's proffered reasons for terminating her were pretext or that Office Ally had mixed motives for terminating her. Gomez was subject to a performance improvement plan before she took FMLA leave. And numerous employees filed complaints about her job performance, detailing incidents that occurred before she took leave. At the same time, other Office Ally employees took FMLA leave without repercussion. In fact, O'Neill encouraged Gomez to take FMLA leave. Given the strong evidence supporting Office Ally's proffered reason for terminating Gomez—namely, poor performance—she has not pointed to evidence creating a fact issue as to whether her taking FMLA leave was a reason Office Ally terminated her. *See Grubb v. Sw. Airlines*, 296 F. App'x 383, 390–91 (5th Cir. 2008) (per curiam) (affirming summary judgment in part because the suspicious timing of the plaintiff's FMLA application and firing did not establish that his efforts to take FMLA leave were a reason he was fired "in light of an eighteen month record of warnings and performance problems").

The district court granted summary judgment on Gomez's TCHRA associational discrimination claim on the ground that Texas law would not recognize such a claim. Texas courts have not addressed that question, and we do not need to. *See Spencer v. FEI, Inc.*, 725 F. App'x 263, 267 (5th Cir. 2018) (per curiam) (observing that the Fifth Circuit had not "explicitly recognized" a cause of action for associational discrimination even under the ADA but assuming without deciding that one existed to affirm summary judgment on ADA and TCHRA claims (quoting *Grimes v. Wal-Mart Stores Tex., L.L.C.*, 505

No. 19-50670

F. App'x 376, 380 n.1 (5th Cir. 2013) (per curiam))).  Assuming *arguendo* that an associational disability discrimination claim exists under Texas law, Gomez has not produced enough evidence to allow it to reach a jury.  *See McGruder v. Will*, 204 F.3d 220, 222 (5th Cir. 2000) ("We need not accept the district court's rationale and may affirm on any grounds supported by the record.").

Gomez pursues only a direct evidence theory of liability, asserting that two comments made by O'Neill prove discriminatory animus.  The first is O'Neill's recommendation that Gomez should not move her mother in with her because it would be costly for her and could affect her work.  The second is O'Neill's complaint that Gomez stopped "pulling her weight . . . . when she moved her mother in[.]"  Those comments are not direct evidence of discrimination because they do not tie Gomez's termination to O'Neill's alleged animus.  *See Jones v. Overnite Transp. Co.*, 212 F. App'x 268, 273 (5th Cir. 2006) (per curiam) (explaining that supervisor's racist comments were not direct evidence because they "lack[ed] the indicia of specificity and causation required to be direct evidence of race discrimination"); *see also id.* at 273–74 (citing examples of remarks constituting direct evidence); *see generally Brown v. CSC Logic, Inc.*, 82 F.3d 651, 655–56 (5th Cir. 1996) (holding that discriminatory remarks count as direct evidence only if, among other things, they relate to the challenged employment decision).  And Gomez does not try to use the remarks as part of a broader circumstantial case to show that O'Neill was discriminating against her because of her mother's condition.

The judgment is AFFIRMED.

3