# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 9, 2024

Lyle W. Cayce
Clerk

No. 23-50735
Summary Calendar

———————————

ACS Alliance Construction Specialties, L.L.C., United States of America *for the Use and Benefit of* ACS Alliance Construction Specialties, L.L.C.,

*Plaintiff—Appellee*,

*versus*

Cueto Consulting & Construction, L.L.C.; Aegis Security Insurance Company,

*Defendants—Appellants*.

———————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CV-658

———————————

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

This appeal arises from a construction contract dispute between Defendants-Appellants Cueto Consulting & Construction, LLC ("Cueto") and Aegis Security Insurance Company ("Aegis") and Plaintiff-Appellee

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

ACS Alliance Construction Specialties, LLC ("ACS"). In the proceedings below, the district court granted partial summary judgment against Cueto and summary judgment against Aegis. Both appealed. We AFFIRM.

## I. BACKGROUND

In 2019, the United States Army (the "Government") contracted with Cueto to serve as the general contractor for a repair project at a barracks facility at Fort Hood, Texas. Aegis issued the bond for the protection of all persons supplying labor and materials for the project. In February 2020, Cueto retained ACS as a subcontractor for a subcontract worth $54,000.00. According to Cueto, in April 2020, before the work specified by the subcontract between Cueto and ACS was completed, the Government exercised its contract's Termination for Convenience provision against Cueto. Consequently, the Government failed to pay Cueto for substantial expenses it incurred, including the work performed by ACS. ACS then alleged that Cueto failed to remit full payment following its substantial performance of its obligations under the subcontract.

ACS brought suit against Cueto and Aegis on July 21, 2020. Two years later, on July 8, 2022, ACS moved for partial summary judgment on its breach-of-contract claim against Cueto. On November 15, 2022, the district court granted ACS's motion for partial summary judgment. On December 27, 2022, the district court entered a nonfinal order of judgment against Cueto for (1) $54,000 in principal; (2) post-judgment interest under 28 U.S.C. § 1961(a); (3) $6,569.71 in pre-judgment interest; and (4) $30,905 in attorney's fees.

On June 8, 2023, ACS filed a motion for summary judgment against Aegis. On September 14, 2023, the district granted summary judgment in ACS's favor against Aegis and entered final judgment against both Aegis and Cueto, jointly and severally. Cueto and Aegis timely appealed.

No. 23-50735

## II.    Standard of Review

This court reviews a district court's grant of summary judgment de novo. *Davidson v. Fairchild Controls Corp.*, 882 F.3d 180, 184 (5th Cir. 2018). Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law. *Id.* (quoting Fed. R. Civ. P. 56(a)). This court "may affirm [summary judgment] on any grounds supported by the record." *McGruder v. Will*, 204 F.3d 220, 222 (5th Cir. 2000).

"Evidentiary rulings are reviewed for abuse of discretion." ! *Ball v. LeBlanc*, 881 F.3d 346, 353–54 (5th Cir. 2018) (citing *Battle ex rel. Battle v. Mem'l Hosp. at Gulfport*, 228 F.3d 544, 550 (5th Cir. 2000)). "Moreover, '[e]ven if the court abused its discretion, this court will presume the error is harmless.'" *Id.* (citation omitted). "The party asserting the error has the burden of proving that the error was prejudicial." *Id.*

## III.    Discussion

Cueto argues that the district court erred in granting ACS's partial motion for summary judgment, asserting that the contract between Cueto and ACS created a condition precedent to ACS's right to recover against Cueto on pass-through claims against the Government. Additionally, Cueto avers that because the partial motion for summary judgment did not include any claims against Aegis, it did not constitute a final judgment as a matter of law. Aegis argues that the district court erred in granting ACS's motion for summary judgment because there was a question of material fact as to whether ACS fully performed its obligations under the contract. We are unpersuaded by these arguments.

3

### A.    *Cueto*

Section 1.04(d) of the contract between Cueto and ACS was stricken from the final agreement. Notably, this stricken portion contained a "pay-when-paid" provision which would have conditioned Cueto's obligation to pay ACS on Cueto's receipt of funds from the Government. Nevertheless, Cueto asserts that the contract, specifically Sections 4.02, 4.03, and 5.04, created a condition precedent that excused its obligation to pay ACS under the contract until Cueto had litigated and collected the funds from the Government. *See Cedyco Corp. v. PetroQuest Energy, LLC*, 497 F.3d 485, 488 (5th Cir. 2007) (citing *Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex. 1976)) ("A condition precedent is an act or event that must take place before performance of a contractual obligation is due.") Cueto's assertion is incorrect.

The pertinent language in Section 5.04 states that "[Cueto] will cooperate with [ACS] to submit any valid and enforceable claim against the owner for *extra* compensation or other relief allowed under the applicable Prime Agreement." ACS is neither seeking additional compensation nor attempting to obtain other relief. Additionally, as the district court remarked, "[w]hen the Subcontract Agreement is read as a whole, the parties clearly intended to eliminate the 'pay-when-paid' provision." Additionally, references to Sections 4.02, which refers to progress payments, and 4.03, which refers to final payment, do not alter that reading. Consequently, there is no condition precedent upon which Cueto could rely to excuse its obligation to pay ACS for substantially completing its obligations under the contract. Therefore, we hold that the district court correctly granted ACS's partial motion for summary judgment against Cueto on its breach of contract claim.

### B.    *Aegis*

In granting ACS's summary judgment against Aegis, the district court declined to reconsider its summary judgment order against Cueto to determine whether ACS completed or substantially completed the work under the contract as it was permitted to do under Federal Rule of Civil Procedure 54(b). In support of its motion for summary judgment, Aegis provided an affidavit from the owner of Cueto, Andrew Cueto. ACS objected to the admission of this affidavit. The district court sustained the objection, remarking that Cueto's declaration was inadmissible for being both vague and failing to satisfy the requirements of 28 U.S.C. § 1746. Citing both 28 U.S.C. § 1746 and *Blount v. Stanley Engineering Fastening*, 55 F.4th 504, 515 (6th Cir. 2022), the district court agreed with ACS that Cueto's declaration required a "handwritten signature in order to connect the submission of the document with a live act traceable to the individual who is purported to have submitted it," but "Cueto's second declaration—which [was] not sworn before a notary—clearly contain[ed] a digital signature."

We conclude that the district court did not abuse its discretion by excluding Cueto's declaration as evidence. Even if we were to conclude that the district court abused its discretion, Aegis has failed to demonstrate that the district court's exclusion of Cueto's declaration affected its substantial rights by changing the outcome of the case. *See e.g.*, *United States. v. Kay*, 513 F.3d 432, 457 (5th Cir. 2007). Consequently, Aegis has failed to present sufficient evidence to establish a genuine dispute of material fact sufficient to defeat summary judgment. Therefore, we hold that the district court did not err in granting ACS's motion for summary judgment against Aegis.

## IV.    Conclusion

No. 23-50735

For the foregoing reasons, we AFFIRM the district court's partial summary judgment for ACS against Cueto, its summary judgment for ACS against Aegis, and its entry of final judgment in favor of ACS against Cueto and Aegis, jointly and severally.